## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **THE ESTATE OF DAVID ANTHONY SALINAS, AND BRITTANY SALINAS, INDIVIDUALLY AND AS NEXT FRIEND OF DAVID ANTHONY SALINAS (DECEASED), AND NELDA CORDOVA SALINAS** | § § § § § § § | CIVIL ACTION NO.:__ 4 22 CV4120 |
| *Plaintiffs,* | § § | |
| **v.** | § § | |
| **CITY OF HOUSTON, TEXAS, THE HOUSTON POLICE DEPARTMENT, POLICE OFFICER N. GARCIA, AND POLICE OFFICER M. SALAZAR** | § § § § § | |
| *Defendants.* | § | |

## PLAINTIFFS, THE ESTATE OF DAVID SALINAS, BRITTANY SALINAS, INDIVIDUALLY AND AS NEXT FRIEND OF DAVID ANTHONY SALINAS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** the Estate of David Anthony Salinas, and Brittany Salinas as administrator of said Estate, Individually and As Next Friend of David Anthony Salinas (Deceased), and Nelda Cordova Salinas, hereinafter called Plaintiffs, complaining of the City of Houston, Harris County, Texas, Police Officer M. Salazar (Badge No. 9204) and officer N. Garcia (Badge No. 9284), hereinafter called Defendants, and for cause of action shows unto the Court the following:

## JURISDICTION AND VENUE

This action is brought under 42 U.S.C. § 1983, 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred on this Court based upon 28 U.S.C. § 1331 and 1343(a)(3), (4).  This Court may also exercise supplemental jurisdiction over the Plaintiffs' state law claims and over Defendants under 42 U.S.C. § 1367(a) because the state law claims are interrelated to the federal claims.

Venue is proper within the Southern District of Texas, Houston Division, under 28 U.S.C. § 139(b)(1) and (2) because at least one Defendant resides within this district, Defendants regularly conduct business in this district, and the events and omissions giving rise to Plaintiffs' claims occurred within the district.

## I.      INTRODUCTION

1.      This is a civil action for damages pursuant to 42 U.S.C. § 1983 to redress the wrongful death stemming from the events surrounding the murder of decedent David Anthony Salinas ("SALINAS") by Houston Police Officers M. Salazar (Badge No. 9204) and N. Garcia (Badge No. 9284) on or about Wednesday, July 14, 2021 at approximately 7:34 p.m.

2.      Decedent SALINAS was gunned down point blank without provocation by Officers M. Salazar and N. Garcia after SALINAS crashed his car at IH-10 and 6998 Monroe Rd., Houston, Texas.

3.      Officers M. Salazar and N. Garcia were on patrol and gave chase to decedent's car for as yet unspecified reasons or explanation.

4.      Upon crashing his car, decedent became disoriented and was in an apparent state of shock, trying to regain his senses.

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX  78201
Tel. (210) 227-4186
PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

5.      Officers M. Salazar and N. Garcia pinned SALINAS' car in by parking their police car against the decedent's driver-side door.

6.      At no time did Officers M. Salazar or N. Garcia request an ambulance or offer to assist decedent, which is protocol for these types of serious accidents.

7.      Officers M. Salazar and N. Garcia commanded decedent SALINAS to put his hands up, but SALINAS was too disoriented to comply completely.  At times he raised his hands and attempted to comply, but video shows that he was obviously disoriented and moving around as in pain.

8.      Officers M. Salazar and N. Garcia were standing a few feet apart from SALINAS when they opened fire and shot him dead.

9.      As seen in the images below, Defendant police officers M. Salazar and N. Garcia pinned the driver-side door with their police cruiser and immediately drew their service resolvers. Defendant police officer M. Salazar immediately starts yelling at decedent DAVID ANTHONY SALINAS, "Hey, Hands! Hands! Hands! Hands!  A short time later Defendant police officer N. Garcia radios for assistance, describing the location as "Underneath 45 and Monroe."



10.      The decedent DAVID ANTHONY SALINAS, still dazed from the crash, appears confused.  He complies with the commands, holding up his hands up on several occasions for a

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX  78201
Tel. (210) 227-4186

PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

few seconds at a time, but is in obvious discomfort and moving from side to side.  We know from later video camera footage that the airbag had deployed and was stained with blood.

11.     Approximately 38 seconds elapsed from the time Defendant police officers M. Salazar and N. Garcia drew their service revolvers to the time they start discharging their firearms point blank at the unarmed decedent.

12.     In the final seconds before Defendant police officers M. Salazar and N. Garcia start discharging their firearms, Officer M. Salazar can be heard yelling, "Hey, watch the crossfire," and later within seconds he is heard yelling, "Hey, he's reaching."



13.     Defendant police officers M. Salazar and N. Garcia are just feet away from the decedent, and they can clearly see that the decedent DAVID ANTHONY SALINAS is in distress and that he is obeying their orders by raising his hands up in the air.  The decedent is seen in video footage moving around slowly as he appears to be reaching for his cell phone.  We know that he was reaching for his cell phone because he was on the phone with his wife, Brittany Salinas, who later stated she could hear everything that was being said by Defendant police officers herein.

14.     In the final 4 seconds of the 42-second incident, Defendant police officers M. Salazar and N. Garcia discharge approximately 11 rounds into the decedent without so much as seeing a gun or any kind of weapon.

15.     A gun was discovered by the Emergency Medical Technician ("EMT") after the shooting, it was found underneath the driver's seat.  But the decedent was not reaching for a gun.

16.     SALINAS had been on the phone prior to the chase and had apparently been reaching for his phone when he crashed his car.  Still confused from the collision, SALINAS was looking for the phone but was unable to find it after the crash.

17.     The witness on the other end of that phone call has stated that one of the officers was yelling "He's reaching!  He's reaching!"  SALINAS was heard stating, "Don't shoot, I am looking for my phone" before shots were heard.

18.     Seconds later the witness heard the ensuing gunfire that killed decedent SALINAS.

19.     In all, the incident from weapons drawn to where Defendant M. Salazar yells out, "Hey, he's reaching!" took no more than 38 seconds.  Immediately after yelling "He's reaching!" Defendant M. Salazar steps back 2 or 3 steps, and in the ensuing 3.5-4 seconds discharges his firearm.  Together, Defendant police officers M. Salazar and N. Garcia fire off approximately 11 rounds combined.  The decedent was unarmed, and was disoriented when the shooting began as seen in the "HPD Critical Incident" video put out by Defendant Houston Police Department:



*Still image from HPD Critical Incident Report.  YouTube (07.14.2021)*

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
Tel. (210) 227-4186
PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

20.     The Critical Incident report put out by Defendant HPD starts with the Defendant police officers M. Salazar and N. Garcia riding in their police cruiser just before they encounter the decedent's crashed vehicle.  No medical aid is given to the deceased.  Less than one minute after getting out of their police cruiser, Defendants M. Salazar and N. Garcia discharge their firearms in a barrage of bullets that will surely be seen as excessive, unnecessary, and cruel.

21.     This suit for wrongful death now follows.

## II.     PARTIES

### A.     Plaintiff Brittany Salinas

22.     Plaintiff Brittany Salinas ("B. SALINAS") is a citizen of the United States and the State of Texas, and resides in Harris County, Texas.  The Estate of David Anthony Salinas ("SALINAS") is pending in Probate Court No. 2, Harris County, Texas, Cause No. 505036.

### B.     Plaintiff Nelda Cordova Salinas

23.     Plaintiff Nelda Cordova Salinas ("N. SALINAS") is a citizen of the United States and the State of Texas, and resides in Harris County, Texas.

### C.     Defendant Officer M. Salazar

24.     At all relevant times, Defendant Officer M. Salazar (Badge No. 9204) was an officer with the Houston Police Department ("HPD").  Defendant Officer M. Salazar, as an officer of the HPD, acted, or failed to act, with deliberate indifference to the constitutional rights of Plaintiff, and the rights of Plaintiff under state law, and is liable to Plaintiff.

25.     At all relevant times, Defendant Officer M. Salazar was acting within the scope of his employment, under color of state law, and in his individual and official capacities.

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
Tel. (210) 227-4186
PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

26.     Defendant Officer M. Salazar is sued individually and his official capacity as a Houston Police Officer.

27.     Defendant Officer M. Salazar's full name is currently unknown and undiscoverable by Plaintiffs.  Plaintiffs, by and through their attorney of record, requested this information through the open records act, but the Defendant City of Houston has not forwarded same.

28.     Defendant Officer M. Salazar resides and/or works in Harris County, Texas, and for the purpose of this action may be served with process, except citation, summons, subpoena or other compulsory process.

29.     Defendant Officer M. Salazar (Badge No. 9204) may be served with process at his place of employment, the Houston Police Department, 1200 Travis Street, Houston, TX 77002.

**D.     Defendant Officer N. Garcia**

30.     At all relevant times, Defendant Officer N. Garcia (Badge No. 9284) was an officer with the Houston Police Department ("HPD").  Defendant Officer N. Garcia, as an officer of the HPD, acted, or failed to act, with deliberate indifference to the constitutional rights of Plaintiff, and the rights of Plaintiff under state law, and is liable to Plaintiff.

31.     At all relevant times, Defendant Officer N. Garcia was acting within the scope of his employment, under color of state law, and in his individual and official capacities.

32.     Defendant Officer N. Garcia is sued individually and his official capacity as a Houston Police Officer.

33.     Defendant Officer N. Garcia's full name is currently unknown and undiscoverable by Plaintiffs.  Plaintiffs, by and through their attorney of record, requested this information through the open records act, but the Defendant City of Houston has not forwarded same.

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
Tel. (210) 227-4186

PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

34.     Defendant Officer N. Garcia resides and/or works in Harris County, Texas, and for the purpose of this action may be served with process, except citation, summons, subpoena or other compulsory process.

35.     Defendant Officer N. Garcia (Badge No. 9284) may be served with process at his place of employment, the Houston Police Department, 1200 Travis Street, Houston, TX 77002.

**E.     Defendant City of Houston**

36.     Defendant City of Houston, Texas is a municipality organized under the laws of the State of Texas and at all relevant times it employed the Defendant police officers herein.

37.     Defendant Houston Police Department ("HPD") is an agency of the City of Houston.  At all relevant times, the City of Houston was charged by law with the administration and operation of the HPD, including employment, control, supervision, discipline, training and practices of the HPD's personnel and employees, and with the formulation of its policies, practices and customs.  In addition, the City of Houston is responsible for ensuring that the personnel of HPD obeyed the laws of the United States and of the State of Texas.  The City of Houston is legally responsible for the acts and omissions of the HPD.  The City of Houston and the HPD's policies, practices and/or customs were the proximate cause of the constitutional violations of Plaintiff and Plaintiff's damages.

38.     At all relevant times the Defendant City of Houston employed Officers M. Salazar and N. Garcia, who were acting under color of law and pursuant to their authority as police personnel.

39.     Defendant City of Houston's principal place of business is located in Harris, County, Houston, Texas, and for the purpose of this action may be served with process, except citation, summons, subpoena or other compulsory process, care of the undersigned counsel.

40.     Defendant City of Houston may be served with process through the Office of the City Secretary, City of Houston, P.O. Box 1562, Houston, TX 77251-1562.

### III.     STATEMENT OF FACTS SURROUNDING ASSAULT AND BATTERY BY OFFICERS OF THE HOUSTON POLICE DEPARTMENT

41.     On or about the 14th day of July 2021, the decedent DAVID ANTHONY SALINAS was driving his car on IH-10 and 6998 Monroe Rd. in the City of Houston, County of Harris, Texas.  DAVID ANTHONY SALINAS was fatally shot by Officers M. Salazar (Badge No. 9204) and N. Garcia (Badge No. 9284) of the Houston Police Department, with malice and/or reckless indifference to the state-and Federal protected rights of decedent DAVID ANTHONY SALINAS.

42.     Defendants, Officer M. Salazar and Officer N. Garcia, while on patrol, spotted decedent DAVID ANTHONY SALNIAS' car and attempted to detain him by engaging their lights on the turnaround at the location.  This unlawful detention forms the basis of this lawsuit.

43.     Defendant police officers herein were apparently on patrol as part of a sting operation with vice officers when they spotted decedent's vehicle.  Defendant police officers herein started following decedent's vehicle without turning on their lights and without sounding their siren.

44.     As decedent's vehicle turned under IH-10, Defendant police officers gave chase, flashing their lights for less than 30 seconds.

45.     The decedent's vehicle crashed before the officers arrived less than 30 seconds later.  The car accident occurred at IH-10 and 6998 Monroe Rd., Houston, Texas.

46.     Defendant Officers M. Salazar and N. Garcia, rather than investigate the accident site to see if the decedent's injuries required medical care, instead approached the decedent's

vehicle with weapons drawn and shouting commands to show his hands, never once attempting to offer medical help, or investigate the decedent's injuries.

47.     The decedent's vehicle was disabled, and the driver-side door was pinned in by the officers' car and not able to open.  Defendant police officers parked next to the descendant's passenger-side door, thereby pinning the decedent inside and closing off all exits.

48.     While Officer M. Salazar shouted commands for decedent to show this hands, Officer N. Garcia was at the decedent's windshield with his service revolver drawn on the decedent.

49.     At all relevant times Officer N. Garcia could see all of decedent's movements and actions with the light of his weapon.  The decedent with the airbag deployed of said vehicle, appeared disoriented, and was not able to comply with commands at times.

50.     The decedent DAVID ANTHONY SALINAS begins to lean towards the driver's side while advising Defendant police officers that he was looking for his cell phone, Officer N. Garcia yells out to Officer M. Salazar, "He's reaching!  He's reaching!"

51.     At no time did Defendant police officers state they saw a gun, heard a gun or had reason or justification to believe a gun was in the vehicle.

52.     Officer M. Salazar who is about 20 or more feet to the right of the decedent's vehicle immediately discharges his weapon at the vehicle with several shots.  As Officer M. Salazar begins shooting, Officer N. Garcia steps back away from the decedent's car and opens fire point blank at the decedent through the windshield of decedent's vehicle.  At this point Officer N. Garcia is less than 3-ft. from the decedent, striking him with several shots.

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
Tel. (210) 227-4186
PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

53.     Probable cause for the detention of the decedent DAVID ANTHONY SALINAS was not established.  The decedent SALINAS was not in violation of any known law at the time of the accident /shooting by the Defendant police officers.

54.     The Defendant police officers involved herein never attempted to check the decedent for visible injuries arising from the accident, but instead drew their weapons.

55.     Defendant Officers M. Salazar and N. Garcia acted recklessly with malice aforethought, causing the death of David Anthony Salinas by shooting him with over 12 bullet wounds without provocation, reason or legal justification.

## IV.     OFFICERS M. SALAZAR AND N. GARCIA OF THE HOUSTON POLICE DEPARTMENT'S BREACH OF LEGAL DUTY OF STATE AND FEDERAL LAW

56.     Defendant Officers M. Salazar and N. Garcia herein of the Houston Police Department owed a legal duty to protect the bodily integrity of the decedent and secure his constitutional rights as well as to first investigate whether the decedent was injured or required medical attention.  Defendant police officers herein clearly violated this right when they shot him indiscriminately, violating his Fourth Amendment right to an illegal search and seizure, and a violation of his civil rights pursuant to title 42 §§ 1983 and 1988.  Houston Police Officer N. Garcia with his weapon light had good visibility and could clearly see that decedent was injured and disoriented.

57.     Houston Police Officer M. Salazar began shouting at the decedent to see and keep his hands up.  The decedent was injured and clearly disoriented.  Nevertheless, Officer M. Salazar indiscriminately discharged his weapon first without giving decedent a chance to sit up with hands up.  Immediately thereafter Houston Police Officer N. Garcia fired his weapon point blank both killing decedent DAVID ANTHONY SALINAS.

58.     At all times relevant to this case did the decedent ever possess any objects in his hands.  Evidence will establish that decedent DAVID ANTHONY SALINAS was on his cell phone calling his wife when he had the accident herein.  Evidence will further be established that decedent DAVID ANTHONY SALINAS was looking for his cell phone when the officers fired their weapons.  The voice of the decedent was heard via his cell phone by a witness who was in direct communication with the decedent at all times.

59.     The Houston police officers herein fired their weapons based on assumptions and conclusions, with reckless disregard of the decedent's rights.  Plaintiffs seek all available damages for injuries caused by Defendants' reckless abuse of authority and gross negligence under color of law, state and federal.

60.     The acts of the Defendant police officers were done with the purpose and intent of depriving Plaintiff decedent of his right to be secure in his person against unreasonable searches and seizure, secured to him under the Fourth Amendment to the U.S. Constitution and his right not to be deprived of life, liberty or property without due process of law, and to be accorded the equal protection of the laws, as guaranteed to him under the Fourteenth Amendment of the Constitution of the United States.

61.     All of the above and foregoing paragraphs, as well as the following allegations, are hereby incorporated by reference, as fully set out for all intents and purposes to the extent that they are relevant and not irreconcilable.

62.     At all times material hereto, the Defendants had guidelines on the use of force, including but not limited to deadly force, in situations akin to one at bar.  The continuum of force policy used by the Houston Police Department was flawed in that it authorized officers to use force

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX  78201
Tel. (210) 227-4186

PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

with weapons when a citizen is injured in an automobile accident.  These guidelines were grossly inadequate and led to the Defendants' unrestrained use of excessive force against the decedent.

63.     The Defendants' failure to properly train, supervise, regulate, and/or discipline officers who routinely use excessive force in making arrests, including Defendant police officers herein (who have not, to date, been disciplines in any way for the acts complained herein) or to otherwise control their employees and failure to promulgate proper guidelines for the use of force and deadly force constitutes an official policy, practice or custom of condoning unjustified use of deadly force in violation of the constitutional rights of the decedent and others, and serves to continue the illegal behavior as alleged.

64.     Each of the actions and inactions by the City of Houston constitute an unconstitutional policy or custom which violated Plaintiff's Fourth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff brings suit pursuant to Tile 42 U.S.C. § 1983, *et seq.*

## V.     NEGLIGENT TRAINING AND RETENTION BY THE HOUSTON POLICE DEPARTMENT

65.     Plaintiff alleges that the conduct of Defendant Houston Police Department constituted negligent training and retention.  Plaintiff alleges that the Defendant Houston Police Department records did not properly screen, evaluate, investigate or take any reasonable steps to determine whether officers M. Salazar and N. Garcia, Defendants herein, were unfit, incompetent or a danger to third parties.  The Houston Police Department knew or should have known that these Defendant police officers herein were unfit and could foresee that they would come in contact with this decedent or any other citizens, creating a risk of danger to them.

66.     The Houston Police Department's failure to exercise reasonable care in the training and retention of these officers made the basis of this suit and was a part of the proximate cause of

damages to the Estate of Davis Anthony Salinas, deceased, and Brittany Salinas, Plaintiff for which Plaintiff hereby sues.

## VI. DAMAGES

67.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

       a.  Death of her beloved spouse, support and spousal community;

       b.  All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

       c.  All reasonable and necessary costs incurred in pursuit of this suit;

       d.  Emotional pain;

       e.  Expert fees as the Court deems appropriate;

       f.  Loss of enjoyment of life and companionship of David Anthony Salinas;

       g.  Mental anguish in the past;

       h.  Mental anguish in the future;

       I.  Loss of earnings in the past;

       j.  Loss of earning capacity which will, in all probability, be incurred in the future;

       k.  Loss of companionship;

       l.  Loss of the love and companionship of her husband;

       m.  Grief and bereavement; and

       n.  Funeral expenses for the decedent

68.     Furthermore, at all times material hereto, Defendants police officers herein were acting as agents, servants, and employees of the Defendant City of Houston, Texas and were acting within the scope of their employment.

69.     Defendant City of Houston, as principal, master and employer of Defendant's police officers herein is liable for their torts and constitutional violations under respondent superior.

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
Tel. (210) 227-4186

PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

70.     Hence, the Defendant City of Houston, Texas and its police officers is also responsible for violating the decedents rights to life and to be free from deprivation of his right from the State, without due process of law.

71.     In addition, the City of Houston and its officers are also responsible for subjecting the decedent to excessive punishment and execution, without due process.

72.     Defendant City of Houston through its police department and its police officers are responsible for depriving Plaintiff decedent and the decedent's wife of their right to the continued companionship and association of her husband without due process of law.

73.     The conduct of the Defendant City of Houston, Texas, through deliberately approving the Defendant police department's policy, practice, or custom, as hereinabove set out, has directly deprived and is responsible for violating decedent's right to life and to be free from deprivation of this right from the state, without due process of law.

74.     The conduct of the Defendant City of Houston, Texas, through deliberately approving the Defendant officers' policy, practice, or custom, as hereinabove set out, has directly subjected the deceased to cruel, unusual and excessive punishment without due process of law.

## VII.   CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF HOUSTON V.T.C.A. CIV. PRAC. & REM. CODE ANN., § 101.001, *et seq.*

75.     All of the above and foregoing paragraphs, as well as following allegations are hereby incorporated by reference, as if fully set out for all intents and purposes to the extent that they are relevant and not irreconcilable

76.     The Defendants at all times material hereto, were performing a governmental function and acting within the scope of their employment during the occasion in question as hereinabove set out.

Law Offices of Blas H. Delgado, P.C.
2806 Fredericksburg Rd., Ste. 116
San Antonio, TX 78201
Tel. (210) 227-4186

PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

77.     The Defendant police officers through the use of the personal governmental-issued property, i.e., the firearms as assigned to them took the life of the decedent DAVID ANTHONY SALINAS without due process of law.  The conduct of the City of Houston, Texas through its police officers rises to the level of gross negligence.

78.     The Defendant City of Houston, Texas is responsible for the actions of its officers under V.T.C.A. TEX. CIV. PRAC. & REM. CODE ANN., § 101.0215.

79.     The firearms used that killed DAVID ANTHONY SALINAS, decedent herein, was the type of misuse of tangible personal property that the Texas Torts Claims Act was intended to address.

## VIII.   EXEMPLARY DAMAGES

80.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiffs.  In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiffs also seek recovery from Defendants for exemplary damages.

## IX.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Brittany Salinas, Individually A/N/F of David Anthony Salinas (Deceased) and Nelda Cordova Salinas demand judgment against the Defendants, jointly and severally, for the above damages; exemplary damages, as addressed to each Defendant, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, including, but not limited to:

1       Damages in the sum of $20,000,000.00;

2.      Punitive damages in the amount of $50,000,000.00;

3.      Awarding Plaintiff reasonable costs and attorney's fees in this action;

4.      Granting Plaintiff such other and further relief to which Plaintiff may be justly
        entitled at law or in equity; and

5.      Plaintiff respectfully requests that the Defendants be cited to appear and answer
        herein.

                        Respectfully submitted,


By: _____
        Blas H. Delgado
        Attorney-in-Charge (pro hac vice
        forthcoming)
        Texas Bar No. 05725700
        LAW OFFICES OF BLAS H. DELGADO, P.C.
        2806 Fredericksburg Rd., Suite 116
        San Antonio, TX  78201
        Tel. (210) 227-4186
        Email:  delgadoblas@yahoo.com
        Attorney for Plaintiffs
        The Estate of David Anthony Salinas ,
        Brittany Salinas Indivually and Nelda
        Cordova Salinas
        (