United States District Court
Southern District of Texas
**ENTERED**
June 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTTANY SALINAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-04120 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

## I.    INTRODUCTION

Pending before the Court are the defendants', City of Houston, Texas, the Houston Police Department, Police Officer N. Garcia, & Police Officer M. Salazar, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 17, 18, & 19). The plaintiffs, Brittany Salinas, et al., have filed responses to the defendants' motions (Dkt. Nos. 24, 25, & 26), and the defendants have filed replies (Dkt. Nos. 28, 29, & 30). After reviewing the motions, the pleadings, and the applicable law, the Court determines that the defendants' motions should be **GRANTED IN PART** and **DENIED IN PART**.

## II.    LEAVE TO AMEND

In their responses to the motions to dismiss, the plaintiffs move to amend their complaint for a second time. Federal Rule of Civil Procedure 15(a) instructs a court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor

of granting leave to amend.'" *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). Courts must weigh the following factors when considering leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The defendants oppose further amendment. They argue that the plaintiffs have failed to cure the same deficiencies to which they were alerted by the defendants' motions to dismiss the original complaint; that undue delay will prejudice them; that the plaintiffs have shown bad faith by failing to drop unfounded claims against the Houston Police Department; and that any amendments will be futile.

The Court determines that the total weight of the factors does not defeat Federal Rule of Civil Procedure 15(a)'s bias in favor of granting leave to amend. First, the plaintiffs have amended their complaint only once, so there has been no opportunity for repeated failures. Second, it is not clear how the defendants will be especially prejudiced by delay. Third, an amended complaint is not doomed to futility, as certain claims may be curable.

## III.   CLAIMS DISMISSED WITH PREJUDICE

That said, some of the plaintiffs' claims are not curable. Indeed, the defendants are correct that the plaintiffs have shown a degree of bad faith by failing to abandon their claims against the Houston Police Department. The Fifth Circuit's "cases

uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991). The City of Houston created the Houston Police Department by Houston Municipal Code 1968, Article II-Police Department § 34-1; Houston Ordinance No. 04-1075 § 10 and Ordinance No. 2011-108 § 7. The plaintiff has not alleged any steps the City of Houston has taken to grant the Houston Police Department jural authority. Accordingly, the claims against the Houston Police Department must be dismissed with prejudice.

The plaintiffs' Eighth and Fourteenth Amendment claims must also be dismissed with prejudice. *Morin v. Caire* is on point:

> The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as the plaintiffs . . . And, although the Fourteenth Amendment's due process clause does apply to municipalities, the plaintiff has not pleaded any allegations upon which a procedural due process claim could be based, and the U.S. Supreme Court has recently determined that there is no substantive due process right to be free from criminal prosecution except upon probable cause. Thus, the plaintiffs' only remaining constitutional claims are premised on the protections of the Fourth Amendment against unreasonable search and seizure.

*Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). The plaintiffs do not—and cannot plausibly—allege that Mr. Salinas was a convicted prisoner at the time of his death, so his Eighth Amendment claim fails. Finally, the plaintiffs argue that Mr. Salinas' Fourteenth Amendment rights were violated by the defendants' using force and authority to confine him, not rendering medical aid, and creating a harmful environment. The problem is that these "Fourteenth Amendment claims are based

on alleged pretrial deprivations of his constitutional rights and, under the holding in *Albright,* such claims should be brought under the Fourth Amendment." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 441 (5th Cir. 2015) (citing *Albright v. Oliver,* 510 U.S. 266, 274 (1994) (plurality opinion)).

## IV.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.** The plaintiffs' claims against the Houston Police Department are dismissed with prejudice.[1] The plaintiffs' Eighth and Fourteenth Amendment claims against the remaining defendants are also dismissed with prejudice. The plaintiffs shall file an amended complaint addressing its remaining claims within 14 days of this Order.

IT IS SO **ORDERED**.

SIGNED on June 8, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

---

[1] Although the defendants assert the plaintiffs lack statutory standing, this argument does not imperil the Court's jurisdiction. "[S]tatutory standing is not indicative of Article III jurisdictional standing." *CamSoft Data Sys., Inc. v. Southern Elecs. Supply, Inc.*, 756 F.3d 327, 332 (5th Cir. 2014). Taking the opportunity to verify its jurisdiction, the Court is satisfied: the plaintiffs have alleged a concrete, particularized, actual injury in fact that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).